[Civ. No. 9186. Third Dist. Nov. 8, 1957.]

D. JACK METZGER, Appellant, v. DALE BOSE et al., Respondents.

William H. Phelps for Appellant.

Newton & Lopez and David W. Packard for Respondents.

SCHOTTKY, J.—This is an appeal from a judgment rendered after the court sustained a general and special demurrer to plaintiff's amended complaint and plaintiff failed to further amend his complaint.

The amended complaint alleges in substance:

That plaintiff has owned a certain described parcel of real property for several years; that in 1950 plaintiff conveyed to defendants a parcel of real property contiguous and to the west of the property first described, the description of the said property conveyed to defendants referring to a map depicting a county road running across the easterly portion of the property conveyed by plaintiff to defendants. The complaint then alleges:

"That by virtue of an appurtenance to the parcel of real property set forth in paragraph II of this complaint, hereinafter referred to as plaintiff's property, plaintiff is the owner of an easement and right of way for road purposes over the lands adjacent and contiguous to his said parcel of real property to the west of same, the exact location of said easement and right of way for road purposes being the former County Road which was abandoned by the County of Shasta in the year 1955, the same being that set forth in paragraph III of this complaint."

The complaint alleges further that prior to the abandonment of the road by the county, plaintiff had erected a resort, motel and fishing facilities on his property, and that he and his patrons had traveled over said road; and that on March 15, 1956, defendants barricaded the said road in such a manner as to prevent plaintiff and his patrons from traveling over said road. Plaintiff prayed for an injunction and for nominal damages.

Defendants' demurrer was both general and special but the only ground of demurrer which appears to have been relied upon by defendants and considered by the trial court was the ground that the complaint did not state a cause of action.

Furthermore, the grounds of special demurrer are without merit and we shall therefore confine ourselves to the question of whether or not the amended complaint states a cause of action.

We have concluded that the amended complaint does state a cause of action and that the court erred in sustaining defendants' demurrer thereto. Paragraph II, hereinbefore quoted, alleges that "plaintiff is the owner of an easement and right of way for road purposes over the lands adjacent and contiguous to his said parcel of real property to the west of same," etc. This allegation of ultimate fact, together with the further allegation that defendants interfered with plaintiff's uses of said easement, is in our opinion sufficient to state a cause of action.

Defendants point out that immediately preceding the allegation hereinbefore quoted the complaint states that by virtue of an appurtenance to plaintiff's real property plaintiff is the owner of the easement, and argue that plaintiff cannot properly assert any interest in real property which he conveyed to defendants without any reservation of an easement. From this they argue that it appears on the face of the complaint that plaintiff's only source of title rests in a claim that, having owned both parcels as contiguous parts of a whole, plaintiff conveyed one part without reserving a private easement to use the area occupied by the public with the result that when the public abandoned the road plaintiff had no right to pass over what had been the public way. But it does not appear on the face of the pleading that this is the source of the plaintiff's alleged title. Rather it appears that plaintiff's reference to the public road and its abandonment is by way of describing accurately the boundaries of the easement claimed—it is the strip formerly used as a public way.

We are convinced that the allegation in the complaint that plaintiff was the owner of an easement for road purposes was sufficient to state a cause of action and that there is nothing in the complaint to negative said allegation. The arguments advanced by respondents merely point out evidentiary matters of defenses which may be presented at the trial of the action. Just what the origin, nature and extent of plaintiff's alleged easement are are matters which may be developed at the trial, but they cannot be summarily disposed of upon demurrer. It is, of course, the policy of the law that legal controversies be disposed of on their merits and not upon technical grounds of pleading. All that we are deciding upon

this appeal is that the complaint by which plaintiff seeks to establish an easement and to restrain interference by defendants therewith does state a cause of action and that the demurrer should have been overruled.

The judgment is reversed with directions to the trial court to overrule the demurrer to the amended complaint.

Van Dyke, P. J., and Peek, J., concurred.