Filed 2/2/24  Valle v. Loewenstern CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NAOKO DALLA VALLE, as Trustee, et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>SHEILA LOEWENSTERN et al.,<br><br>    Defendants and Appellants. | A166952<br><br>(Napa County<br>Super. Ct. No. 22CV001123) |

Plaintiffs Naoko Dalla Valle, Trustee of the Naoko Dalla Valle Trust, Isabella Maya Dalla Valle, Trustee of the Maya Dalla Valle 2003 Trust, and Oakville Hills Cellar, Inc. and defendants Sheila Loewenstern and Norman Loewenstern are neighbors and the parties in this lawsuit regarding an easement.  Defendants brought a special motion to strike under the anti-SLAPP law (Code Civ. Proc., § 425.16),[1] contending plaintiffs' claim for interference with an easement arises out of protected activity because it predicates liability on whether defendants "refuse to acknowledge" certain

_____

[1]    All further statutory references are to this code unless otherwise indicated.

1

allegations in the verified complaint or "oppose judicial decree[s]" favorable to plaintiffs.

We conclude the trial court properly denied the special motion to strike because defendants did not establish the alleged acts underlying the challenged claim arise from protected activity.

## FACTUAL AND PROCEDURAL BACKGROUND

We take the following facts from the pleadings and the parties' evidence on the special motion to strike.

### A. The Bridge Easement

Plaintiffs and defendants own adjoining properties in Napa County, and there is no public road leading directly to plaintiffs' property. In 1973, defendants' predecessors-in-interest had granted plaintiffs' predecessors-in-interest an express easement over their property to reach what is now plaintiffs' property. The recorded easement ran over a bridge that crosses the stream on defendants' property.

Around 1999, the bridge described in the recorded easement was rebuilt several yards away from the original structure. Thus, the now-existing bridge is on defendants' property but is located outside the area described in the recorded easement. Since the reconstruction of the bridge, plaintiffs, who operate a winery, have necessarily and uninterruptedly used the existing bridge to obtain ingress and egress to the winery for themselves, their employees, and invitees. In 2019, defendants purchased the adjoining property.

### B. Plaintiffs' Action

In September 2022, plaintiffs filed a verified complaint against defendants to obtain a judicial decree reconciling the recorded easement with the physical relocation of the bridge. Plaintiffs alleged five causes of action

2

for: (1) a decree relocating the bridge easement; (2) a decree quieting title; (3) declaratory relief; (4) interference with and obstruction of an easement; and (5) a prescriptive easement.[2] The fourth and fifth claims are framed in the alternative, and all causes of action concern the location and scope of the bridge easement.

At issue here is the fourth cause of action for interference with the originally described bridge easement. It reads in full: "Plaintiffs incorporate by reference Paragraphs 1 through 11 of this Complaint. [¶] 24. In the alternative, and in the event that the Loewensterns refuse to acknowledge the true location of the Bridge Easement, or oppose a judicial decree declaring its true location, then they have interfered with, and obstructed, Plaintiffs' use of the originally described Bridge Easement, by relocating the physical bridge. [¶] 25. Plaintiffs have suffered damages as a result of Defendants' interference and obstruction. [¶] 26. Plaintiffs have no adequate remedy at law for the interference/obstruction of the original Bridge

---

[2] In February 2023, following a demurrer, plaintiffs filed the first amended verified complaint which is now the operative pleading. The amendments did not affect the fourth cause of action, and defendants do not argue plaintiffs attempted to void their showing on the first prong of the anti-SLAPP inquiry by amending the complaint. (See *Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 870.)

After defendants filed the Appellants' Appendix, plaintiffs filed a motion to strike three of its documents—including the amended complaint—on the grounds that the documents were filed after the briefing of the special motion to strike was completed and were not before the trial court at the time of its decision. This court denied the motion without prejudice to plaintiffs' right to argue that defendants relied on irrelevant documents. On our own motion, we take judicial notice of the challenged documents in the Appellants' Appendix for the purpose of providing background information regarding the dispute. (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 382.)

Easement, and are therefore entitled to an injunction directing the Loewensterns, and any other Defendants claiming a right in the Subject Property, to execute a grant of easement for the area in which the Bridge, and the access roads leading thereto, are actually located."

### C. The Anti-SLAPP Motion

In November 2022, defendants filed a special motion to strike the fourth cause of action in its entirety, or, in the alternative, to strike the statement that "in the event that the Loewensterns refuse to acknowledge the true location of the Bridge Easement, or oppose a judicial decree declaring its true location." They argue the claim seeks to hold them liable for contesting plaintiffs' "easement allegations in court." According to defendants, this language causes liability to attach "only" if they refuse to acknowledge—or oppose a judicial decree concerning—the alleged " 'true location' " of the easement.

Plaintiffs' opposition briefing countered that defendants misread the fourth cause of action and explained that its allegations of interference and obstruction target "the relocation of the bridge" and are "directed at events and actions that preceded" the complaint's filing. Plaintiffs' opposition also stated, however, that the complaint alleges defendants "will have" interfered with the easement by relocating the physical bridge if defendants " 'fail[] to comply with' " a judicial decree declaring the true location of the easement.

The trial court denied the special motion to strike. After examining the language in the complaint and considering the parties' written briefing and oral arguments, the court determined the "allegation" in the "introductory phrase" of the cause of action did not "refer[] to acts undertaken by Defendants in defending against Plaintiff's claims in this action." Rather, the court held the alleged act giving rise to the claim was defendants' alleged

4

conduct in "relocating the physical bridge." Accordingly, the court concluded there was "nothing in the Complaint" suggesting "the gravamen of Plaintiff's fourth cause of action [was] that Defendants have acted or will act wrongfully by defending against the present lawsuit." In light of this conclusion, the court did not determine whether plaintiffs established a probability of prevailing on their claims. This appeal followed.

## DISCUSSION

The anti-SLAPP statute authorizes a special motion to strike claims arising from any act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) Such acts include "any written or oral statement or writing" made before a "judicial proceeding." (*Id.*, subd. (e).)

Resolution of an anti-SLAPP motion involves two steps. First, the defendant must identify the activity each challenged claim rests on and demonstrate that such activity is protected by the anti-SLAPP statute. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).) We review the trial court's decision to deny an anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325–326.)

### A. The Fourth Cause of Action Does Not Arise From Protected Activity

The critical consideration on the first prong is whether the challenged cause of action is based on—or "arises from"—the defendant's protected free speech or petitioning activity. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*).) "[A] claim may be struck only if the speech or petitioning

5

activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Park, supra*, 2 Cal.5th at p. 1060.) Moreover, that a claim "may have been triggered by protected activity does not entail that it is one arising from such." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 (*City of Cotati*).) The framing of a complaint or cause of action does not determine if a claim arises out of protected activity. (*Bonni v. St. Joseph Health Sys.*, (2021) 11 Cal.5th 995, 1011 (*Bonni*).) Nor do courts seek to settle the " 'essence' " of the cause of action. (*Ibid.*)

Instead, the Supreme Court has adopted an elements-focused approach to discern whether a claim "arises from" protected activity. (*Park, supra*, 2 Cal.5th at p. 1063.) First, courts evaluate the elements of the challenged claim and determine what actions by the defendant supply those elements. (*Ibid.*) It is those alleged acts satisfying the elements of the claim that form the basis for liability. (*Ibid.*) Other allegations are without operative effect and thus cannot be stricken. (*Bonni, supra*, 11 Cal.5th at p. 1017.) The court then evaluates whether the defendant has shown any of these actions fall within the categories of acts protected by the anti-SLAPP statute. (*Park*, at p. 1063.) It is the defendant's burden to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity. (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.)

Contending the fourth cause of action for interference with an easement arises from protected activity, defendants place heavy reliance on a portion of paragraph 24 of the complaint that alleges: "In the alternative [to the preceding causes of action], in the event that [defendants] refuse to acknowledge the true location of the Bridge Easement, or oppose a judicial

6

decree declaring its true location, then they have interfered with, and obstructed, Plaintiffs' use of the originally described Bridge . . . ." Based on this partial allegation, defendants argue the fourth cause of action seeks to hold them "potentially liable" for contesting plaintiffs' easement allegations in court, namely, for "filing an answer denying the allegations of the verified complaint (which they did) or appealing a final judgment (which they may)." We cannot agree with defendants' characterization of plaintiffs' claim.

To prevail on a claim for interference with easement, plaintiffs must plead and prove (1) the existence of a valid easement benefitting plaintiffs, and (2) conduct by defendants that unreasonably interferes with plaintiffs' use and enjoyment of the easement. (*Metzger v. Bose* (1957) 155 Cal.App.2d 131, 133.)

Here, the complaint states a competent claim for interference with an easement. First, plaintiffs have pleaded the existence of a valid easement benefitting plaintiffs by alleging their property "benefits from a 40-foot-right-of-way easement over the [defendants'] Property" and "the Bridge was located and constructed with the consent of the [defendants] or their predecessor, and was intended by them to be subject to the recorded easement." Second, plaintiffs allege conduct by defendants that unreasonably interferes with plaintiffs' use and enjoyment of the easement, based on the following allegations that are included directly in and incorporated by the fourth cause of action: (1) "[defendants] have interfered with, and obstructed, Plaintiffs' use of the originally described Bridge Easement, by relocating the physical bridge"; (2) "[a]t some point in time following the 1973 grant of the Bridge Easement, the location of the Bridge Easement was physically relocated"; (3) "the Bridge was erected outside the original easement area"; and (4) "the Bridge was located and constructed with the consent of [defendants] or their

7

predecessor." These allegations supply all the elements of an interference with easement claim.

An examination of plaintiffs' interference with an easement claim in the context of the entire complaint confirms that the alleged unreasonable interference is based on the relocation of the bridge by defendants or their predecessors. As indicated, the claim is formulated "[i]n the alternative" to the preceding causes of action. The preceding causes of action request: (1) relocation of the bridge easement "to reflect the actual physical location"; (2) a decree quieting title to the bridge easement "in its actual location"; and (3) a judicial declaration that the bridge easement "has at all times coincided physically with the actual location of the Bridge." Thus, starting from the premise that these other causes of action might fail and that the bridge in its current location might be deemed outside the easement, the fourth cause of action alternatively alleges that defendants interfered with the easement by relocating the bridge.

Though paragraph 24—referring to defendants' alleged "refusal" and "opposition"—is perplexing, it alleges no acts that supply either of the two elements of the interference claim. (See *Park*, *supra*, 2 Cal.5th at p. 1063.) Moreover, defendants ignore the last clause of the allegation, which reads: "then [defendants] have interfered with, and obstructed, Plaintiffs' use of the originally described Bridge Easement, *by relocating the physical bridge*." (Italics added.) Plaintiffs' opposition briefing clarifies the italicized clause accurately reflects the basis of their interference claim, which appears reasonable when the allegations of the complaint and the fourth cause of action are viewed in context. (See *Dible v. Haight Ashbury Free Clinics, Inc.* (2009) 170 Cal.App.4th 843, 849 [courts review "the complaint, but also

8

papers filed in opposition to the motion to the extent that they might give meaning to the words in the complaint"].)

The decision in *Trilogy at Glen Ivy Maintenance Assn. v. Shea Homes, Inc.* (2015) 235 Cal.App.4th 361 (*Trilogy at Glen Ivy*) is instructive. There, the plaintiffs filed an amended complaint alleging the defendants breached their fiduciary duties by " 'repudiating' " the transfer of a contract to the plaintiffs. (*Id.* at p. 366, italics omitted.) Seizing upon the word " 'repudiating' " in a special motion to strike, the defendants contended the claim was based on their current litigation. (*Ibid.*, italics omitted.) The court rejected this argument because the complaint on its face showed the claims asserted were based on fiduciary obligations that arose and were allegedly breached before any litigation activities. (*Id.* at pp. 369–372.)

In short, defendants' alleged acts of "refusal" or "opposition" do not constitute the "core injury-causing conduct" on which the plaintiffs' fourth cause of action is premised. (*Trilogy at Glen Ivy*, *supra*, 235 Cal.App.4th at p. 368.) Because these alleged acts merely provide somewhat irrelevant context—"without supporting a claim for recovery"—they are not subject to being stricken under the anti-SLAPP statute. (*Baral*, *supra*, 1 Cal.5th at p. 394; see also *Bonni*, *supra*, 11 Cal.5th at p. 1012.)

Nor is the interference claim a "mixed" cause of action. Again, the complaint contains no allegation of any protected acts by defendants that form the basis of any of the claims or their elements. (Cf. *Baral*, *supra*, 1 Cal.5th at pp. 392–396.) At most, the challenged language in the fourth cause of action is merely " 'collateral' " and non-operative, and thus cannot be stricken from the complaint. (*Id.* at p. 394.)

In sum, defendants read too much into the collateral allusions to potentially protected activity in plaintiffs' interference with easement cause

9

of action. Viewed in context, plaintiffs' allegations of interference are not based on defendants' "refusal" or "opposition" to plaintiffs' litigation positions. And because that is the sole ground for their special motion to strike, defendants failed to make a prima facie showing that protected activity supplies an element of the challenged claim. (*Park, supra*, 2 Cal.5th at pp. 1062–1063.) The trial court properly denied the special motion to strike.

## B. Defendants' Other Issues Do Not Warrant Reversal

Defendants further contend a reversal is warranted because the trial court improperly based its decision on a "revised" version of the fourth cause of action located in the plaintiffs' opposition brief. This contention is based on the court's order, which quotes a portion of plaintiffs' opposition brief.[3] We are not persuaded.

As indicated, our exercise of de novo review leads us to conclude that the fourth cause of action, both as alleged and considered in context with the entire complaint, does not arise from protected activity. Moreover, and in any event, the trial court could, in deciding whether the "arising from" prong is met, consider " 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' " (§ 425.16, subd. (b); *Navellier, supra*, 29 Cal.4th at p. 89). No basis for a reversal appears.

Having concluded that plaintiffs' fourth cause of action does not arise from protected activity, we may affirm the judgment without considering

---

[3]    The challenged portion of the trial court's order reads:  " '[The Complaint] does not allege that [Defendants] will in the future be deemed to have interfered with the easement by virtue of any position they assert in this lawsuit.  It alleges that they will have interfered with the easement "by relocating the physical bridge" if they interfere with Plaintiff's right to use the bridge by refusing Plaintiffs' right to do so, or by opposing a judicial decree declaring the true location of the easement.' (Opposition at 7:18-23.)"

10

whether plaintiffs established a probability of prevailing on that claim. (See *City of Cotati, supra,* 29 Cal.4th at pp. 80–81.)

## DISPOSITION

The order is affirmed. Plaintiffs are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


_____

Fujisaki, Acting P. J.


WE CONCUR:


_____

Petrou, J.


_____

Rodríguez, J.


*Valle v. Loewenstern* (A166952)